

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAMID SAFARI, M.D. and MARK FAHLEN, M.D., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> KAISER FOUNDATION HEALTH PLAN; et al., <br><br> Defendants - Appellees. | No. 12-16245 <br><br> D.C. No. 3:11-cv-05371-JSW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted September 12, 2014[**]
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Plaintiffs appeal the district court's decision granting defendants' motions to

dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs bring an as-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applied challenge and a facial challenge under 42 U.S.C. § 1983 to the peer-review process that a California health care provider must conduct before revoking a doctor's privileges to practice medicine at the provider's facilities. Plaintiffs claim the peer-review process violates the Due Process Clause of the Fourteenth Amendment.

Both the plaintiffs' as-applied and facial challenges are foreclosed by *Pinhas v. Summit Health, Ltd.*, 894 F.2d 1024 (9th Cir. 1989). First, the peer-review process has not changed materially since *Pinhas* because California Business & Professions Code § 809, *et seq.* merely codified the common law that existed when *Pinhas* was decided. *See El-Attar v. Hollywood Presbyterian Med. Ctr.*, 301 P.3d 1146, 1151 (Cal. 2013) ("[T]he peer review statute, like the common law fair procedure doctrine that preceded it, establishes minimum protections for physicians subject to adverse action in the peer review system." (internal quotations omitted)). *Pinhas*'s holding is therefore still valid. As a result, defendants were not state actors when they conducted peer review and revoked plaintiffs' privileges to practice medicine at defendants' facilities. *See Pinhas*, 894 F.2d at 1034.

Second, as *Pinas* remains valid, plaintiffs incorrectly named defendants, who are private parties, in a facial challenge to the peer-review statutes. *Id.* at 1034–35.

AFFIRMED.